```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     CHARLOTTE DIVISION
                      3:08CV132-02-MU
```

| | | |
|---|---|---|
| **ANTONIO J. WILLIAMS,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | <u>ORDER</u> |
| | ) | |
| **NORTH CAROLINA DEPARTMENT OF** | ) | |
|   **CORRECTIONS, et al.,** | ) | |
|     **Defendants.** | ) | |
| _____) | | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint brought under 42 U.S.C. §1983, filed March 25, 2008. For the reasons stated herein, this Complaint will be <u>dismissed</u> with prejudice.

Plaintiff's Complaint consists of approximately 30 pages of information, the vast majority of which is undecipherable and/or nonsensical. For instance, on page two of his Complaint, Plaintiff alleges that he was subjected to "trial biases"; that his "liberty protection right [and] liberty interest" were violated; that "the State Sheriffs, all state employees of [the] Department of Corrections received funds, all valuable assets" as payment for their cover-up of the deaths of Plaintiff's family members who had "won a law suit settlement"; that "defendants withheld information of [his] family's deaths, knew about it [but] didn't notify [him] . . . [and] refuse[d] to give [him] emergency

telephone call[s] on emergency situation as deaths of all family members."

On another page in his Complaint, Plaintiff alleges that his "Social Security number [has] been changed for no apparent reason illegally[,] the original was 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 then switch changed to 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"; and that he was subjected to "degrading cruel and unusual treatment similar to Iraq Detainees at the Guantanamo Bay prison in Iraq." Plaintiff further alleges that at Maury Correctional Institution, his "mail was withheld letters, pictures w[ere] withheld, scanned from family members[,] money [was] t[aken from his] boot . . . officers took money out [of his] account and sent [him] a portion that was not the whole entitle [sic]. . . "; and that while being housed at Polk Correctional Institution, "a large amount of mail was confiscated [and] withheld . . . to find out information about family members whereabouts . . . ," his family members' Social Security numbers were "confiscate[d]" by "employees and top officers . . . ," his Social Security number was "rearranged," and "all brothers, sisters, uncles, aunts [and] relatives' [numbers were] changed for no apparent reason."

Elsewhere in his Complaint, Plaintiff complains that while at Central Prison and at the Polk Correctional facility, he "repeatedly received imitation[,] fake[,] processed food, fake apples, fake oranges, contaminated organic soy milk from all suspect[s] and FBI Agent employees . . . "; that he was "being

forced medication and [had] been injected with polluted harmful substance[s] . . . ." Plaintiff also alleges that there were "attempts to kill [him]" because his "family won lawsuit settlements [for] deceased family members and a portion of [his] mail was kept and read . . . "; that officers at the Charlotte-Mecklenburg Police Department and the Wake and Guilford County Police Departments "knew and participated of deaths . . . "; that the State Medical Examiner was "paid a lump-sum of money to cover up the deaths . . . "; and that he was "injected with [an] electronic magnet device in [his] body to hear individuals over the internet . . . ."

By way of relief for these and all of his other mind-boggling allegations, Plaintiff asks this Court to award him millions of dollars in compensatory and punitive damages because he is "suffering deep pain, hurt of lost family members per-m[ane]nt damage for the rest of [his] life." Plaintiff further asks the Court to award him "x-rays of a full body scan at the pu[b]lic hospital because [he] think[s he] ha[s] a small electronic device for monitor[ing] purposes inside [his] body . . . . " Notwithstanding his apparent belief to the contrary, however, Plaintiff's Complaint must be <u>dismissed</u> for its failure to state a federal claim for relief.

Indeed, it goes without saying that Plaintiff's strange allegations are both far too bizarre and too conclusory to state a constitutional claim for relief. See <u>Denton v. Hernandez</u>, 504

U.S. 25, 32-33 (1992) (in determining whether complaint is factually frivolous, a district court is not required to "accept without question the truth of plaintiff's allegations," but rather is permitted to apply common sense and reject the fantastic); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that to survive review for factual frivolousness, a plaintiff proceeding in forma pauperis cannot rely merely on "conclusory allegations."); and Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (noting plaintiff "must present more than naked allegations" to survive dismissal).

Accordingly, it is clear that Plaintiff's Complaint must be dismissed because it falls far short of setting forth any allegations upon which relief can be granted.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief can be granted.  See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: April 3, 2008

Graham C. Mullen
United States District Judge